1  **POOLE • SHAFFERY**
John H. Shaffery (SBN 160119)
2  Jaion Chung (SBN 249772)
jchung@pooleshaffery.com
3  25350 Magic Mountain Parkway, Suite 250
Santa Clarita, California 91355
4  Telephone: (661) 290-2991
Facsimile: (661) 290-3338
5
Attorneys for Defendant,
6  SAMUEL PAUL CAMBRON

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

9

10  JOSE RAMIREZ ALVIZAR, an
individual; ROSA L. RAMIREZ, an
11  individual;

12                          Plaintiffs,

13           vs.

14  SAMUEL PAUL CAMBRON, an
individual; and DOES 1 to 20 inclusive;
15

16                          Defendants.

Case No.:  5:22-CV-1837

**NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1441(b)**

(Removed from Riverside County
Superior Court Case No. CVRI2105044)

(Diversity Jurisdiction; 28 U.S.C. §§
1332, 1441, and 1446)

[Declaration of Jaion Chung; Certificate
of Interested Parties; and Civil Cover
Sheet filed concurrently herewith]

17

18

19

20  **TO THE CLERK AND ALL INTERESTED PARTIES:**

21          **PLEASE TAKE NOTICE** that Defendant, SAMUEL PAUL CAMBRON

22  ("DEFENDANT"), hereby removes the action entitled, *Jose Ramirez Alvizar, et al. v.*

23  *Samuel Paul Cambron, et al.,* from the Superior Court of the State of California for

24  the County of Riverside (Case No. CVRI2105044) to the United States District Court

25  for the Central District of California, Eastern Division. Removal of this action is

26  proper under 28 U.S.C. §§1332, 1441(b), and 1446 for the reasons set forth below.

27          1.          **JURISDICTION**. This action is a civil action over which this Court has

28

POOLE ∎ SHAFFERY
25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991   FACSIMILE: (661) 290-3338

original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by DEFENDANT pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2.    On November 1, 2021, Plaintiffs, JOSE RAMIREZ ALVIZAR and ROSA L. RAMIREZ (collectively "PLAINTIFFS"), filed the above-entitled civil action against DEFENDANT and DOES 1 through 20, inclusive, in the Superior Court of the State of California for the County of Riverside, Case No. CVRI2105044. The United States District Court for the Central District of California, Eastern Division, embraces the county where this action is pending.

3.    On July 20, 2022, PLAINTIFFS served via substitute service the initial pleadings packet including the Summons, Civil Case Cover Sheet, Complaint, Certificate of Counsel, Amended Notice of Hearing, and Notice of Order to Show Cause Hearing, on DEFENDANT. Copies of the documents served along with the proof of service are collectively attached to the Declaration of Jaion Chung as **Exhibit "A"** [initial pleadings packet] and **Exhibit "B"** [proof of service].

4.    The Complaint does not identify an amount in controversy, nor was an amount in controversy ascertainable from the same. *See* generally, Complaint. The Complaint further did not identify PLAINTIFFS' citizenship, including residence. *See id.*

5.    On August 29, 2022, DEFENDANT served and filed an Answer to the Complaint. A copy of the answer is attached to the Declaration of Jaion Chung as **Exhibit "C."**

6.    On August 29, 2022, DEFENDANT also served a Request for Statement of Damages on PLAINTIFFS. Copies of the Requests for Statement of Damages are collectively attached to the Declaration of Jaion Chung as **Exhibit "D."**

F:\Clients2\095\2200 - ALVIZAR v. CAMBRON\PLEADINGS\Removal\FedNtc.docx

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

POOLE SHAFFERY

25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991   FACSIMILE: (661) 290-3338

7.    On August 29, 2022, DEFENDANTS also served on PLAINTIFFS an initial set of written discovery requests including Form Interrogatories that sought information on PLAINTIFFS' residential history. Copies of the relevant pages of DEFENDANT'S Form Interrogatories are collectively attached to the Declaration of Jaion Chung as **Exhibit "E."**

8.    On September 21, 2022, PLAINTIFFS served DEFENDANT with their respective Statement of Damages. Copies of the Statements of Damages are attached to the Declaration of Jaion Chung as **Exhibit "F"** [ALVIZAR'S statement] and **Exhibit "G"** [RAMIREZ'S statement].

9.    On September 29, 2022, PLAINTIFFS served their responses to DEFENDANT'S Form Interrogatories wherein they provided verified responses that they have lived in Perris, California since at least 2010, and that they presently live in Perris, California. Copies of the relevant pages from PLAINTIFFS' respective responses to DEFENDANT'S Form Interrogatories are attached to the Declaration of Jaion Chung as **Exhibit "H"** [ALVIZAR'S response to Form Interrogatory No. 2.5] and **Exhibit "I"** [RAMIREZ'S response to Form Interrogatory No. 2.5].

10.    PLAINTIFFS' pleadings packet, proof of service, DEFENDANT'S answer, PLAINTIFFS' Statements of Damages, PLAINTIFFS' responses to DEFENDANT'S Form Interrogatories and Requests for Production of Documents constitute all process, pleadings, and orders served in the action pending in the Superior Court of the State of California, County of Riverside.

11.    **REMOVAL IS TIMELY**. This Notice of Removal is filed timely as it is within thirty days of DEFENDANT'S receipt of PLAINTIFFS' Statement of Damages disclosing to DEFENDANT the amount in controversy alleged by PLAINTIFFS. Further, this Notice of Removal is filed timely as it is within thirty days of DEFENDANT'S receipt of PLAINTIFFS' responses to DEFENDANT'S Form Interrogatories disclosing to DEFENDANT that PLAINTIFFS reside in Perris,

F:\Clients2\095\2200 - ALVIZAR v. CAMBRON\PLEADINGS\Removal\FedNtc.docx

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

POOLE●SHAFFERY
25350 Magic Mountain Parkway, Suite 250, Santa Clarita, CA 91355
Telephone: (661) 290-2991    Facsimile: (661) 290-3338

California. DEFENDANT now possesses the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

12.    **DIVERSITY OF CITIZENSHIP**. The state action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

13.    PLAINTIFFS' Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years"); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

14.    Here, PLAINTIFFS provided verified responses indicating that they have lived, and continue to live, in Perris, California since 2010. *See* **Exs. H & I**. Moreover, PLAINTIFFS filed the instant Complaint in the Superior Court of the State of California in Riverside County, availing themselves of California's judicial resources and indicating their intent to remain in California. *See* Complaint, *in passim*.

15.    DEFENDANT'S Citizenship.   DEFENDANT was at the time of filing of this action, and is now, a resident of Arizona. (Chung Decl., ¶ 13. )

16.    For purposes of removal, diversity of citizenship is determined at the

POOLE ■ SHAFFERY

25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991  FACSIMILE: (661) 290-3338

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

17.   Defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 1 through 20. Thus, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

18.   DEFENDANT is informed and believes, and thereon alleges, that no "Doe" defendants have been served with a Summons and/or the Complaint in the State Court Action. *See* Chung Decl., ¶ 14. Accordingly, this action may be removed by DEFENDANT to federal court pursuant to 28 U.S.C. Section 1441.

19.   Therefore, PLAINTIFFS and DEFENDANT are citizens of different States.

20.   **AMOUNT IN CONTROVERSY**. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

21.   DEFENDANT'S notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether Defendant meets its burden of establishing the amount in controversy is the preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014). Under

POOLE·SHAFFERY

25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991  FACSIMILE: (661) 290-3338

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

22.    Here, the Court can reasonably ascertain from PLAINTIFFS' Complaint, their prayer for relief, and their statement of damages that the amount in controversy exceeds $75,000.00. Without admitting the validity of PLAINTIFFS' causes of action (which are expressly denied by DEFENDANT), the amount in controversy is in excess of $75,000, exclusive of interest and costs. DEFENDANT meets his burden based on the following.

23.    <u>Economic Damages:</u> The complaint alleges PLAINTIFFS are seeking "wage loss, loss of use of property, hospital and medical expenses, general damage, property damage, loss of earnings capacity." *See* Compl., at p. 3, ¶ 11(a)-(f). Plaintiff, JOSE RAMIREZ ALVIZAR, contends in his statement of damages that he is seeking at least $5,006,995.00 in special damages (medical) while Plaintiff, ROSA L. RAMIREZ, contends in her statement of damages that she is seeking at least $5,008,083.00 in special damages (medical). *See* Exs. F, p. 2:6 & G, p. 2:12.

24.    <u>Non-economic Damages:</u> PLAINTIFFS also contend in their respective statement of damages that they are each seeking $5,000,000.00 in non-economic damages.  *See* Exs. F, p. 2:18 & G, p. 2:18.

25.     PLAINTIFFS also seek open-ended relief in the form of "such other relief that the court finds just and proper." *See* Complaint, at p. 3, ¶ 11(g). Although uncertain in amount, these additional damages claim only serves to increase the

25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991  FACSIMILE: (661) 290-3338

POOLE■SHAFFERY

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F.Supp.2d 932, 932-934 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000.00)

26.    DEFENDANT denies that PLAINTIFFS' claims have any merit. DEFENDANT also denies that PLAINTIFFS suffered any damages. However, when the relief sought (i.e., past medical expenses, future medical expenses, loss of earnings, future loss of earning capacity, emotional distress, pain, suffering, and inconvenience, and "other") is taken as a whole, the amount in controversy for PLAINTIFFS' claims exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

27.    Based upon the foregoing, the amount in controversy in this matter far exceeds the jurisdictional minimum of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

28.    **VENUE**. Removal to this Court is proper because this District includes the County where the state action is pending.

29.    By filing this Notice of Removal, DEFENDANT does not intend to waive, and hereby reserves, any objection as personal jurisdiction, and all other defenses.

30.    This Notice of Removal is being served on PLAINTIFFS' counsel on this date. DEFENDANT will promptly file a copy of this Notice of Removal with the Clerk of Superior Court of the State of California for the County of Riverside.

31.    This removal is brought by all served and remaining Defendants. 28

1  U.S.C. § 1446(b)(2)(A); *see also* Chung Decl. ¶ 14.

2         WHEREFORE, this action is hereby removed from the Superior Court of the

3  State of California for the County of Riverside to the United States District Court for

4  the Central District of California, Eastern Division.

5

6  DATED: October 18, 2022                    **POOLE • SHAFFERY**

7

8                                                 By: _____

9                                                      John H. Shaffery, Esq.
                                                       Jaron Chung, Esq.
10                                                Attorneys for Defendant, SAMUEL PAUL
                                                  CAMBRON

25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991   FACSIMILE: (661) 290-3338
POOLE ▪ SHAFFERY

8

1

## PROOF OF SERVICE

2
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3; C.C.P. §§ 1013a, 2015.5)

3
**Jose Ramirez Alvizar v. Samuel Paul Cambron**
United States Central District Case No.: 5:22-CV-1837

4

5
I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 25350 Magic Mountain Parkway, Suite 250, Santa Clarita, CA 91355.

6

7
On **October 18, 2022**, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)** on the interested parties in said action in a sealed envelope addressed as follows:

8

9
SEE ATTACHED SERVICE LIST

10
☒    By Mail [Federal] I placed such envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

11

12
☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

13

14
☐    I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

15

16

17
☐    I caused such envelope to be delivered via overnight delivery to the party(ies) listed on the attached mailing list.

18

19
Executed on **October 18, 2022**, at Los Angeles, California.

20
☐    [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22
☒    [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

23

24

25
Dalia Gonzalez, Declarant

26

27

28

POOLE ▪■SHAFFERY
25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991  FACSIMILE: (661) 290-3338

9

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**

1

## SERVICE LIST

2

3    Owili Eison SBN 271802
     **BANAFSHEH, DANESH, & JAVID, PC**
4    9701 Wilshire Blvd 12th Floor
     Beverly Hills CA 90212
5    **P:** (310) 887-1818
     **F:**N/A
6    **E:** oe@bhattorneys.com
     **E:** rrg@bhattorneys.com
7    **E:** rgz@bhattorneys.com
     **E:** EserveT1@bhattorneys.com

8    *Attorneys for Plaintiffs, Jose Ramirez Alvizar and Maria L. Alvizar*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POOLE SHAFFERY
25350 MAGIC MOUNTAIN PARKWAY, SUITE 250, SANTA CLARITA, CA 91355
TELEPHONE: (661) 290-2991  FACSIMILE: (661) 290-3338

10

F:\Clients2\095\2200 - ALVIZAR v. CAMBRON\PLEADINGS\Removal\FedNtc.docx
**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b)**